```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF INDIANA
                      INDIANAPOLIS DIVISION

PERFECT FLOWERS, INC. and     )
those similarly situated,     )
        Plaintiff(s),         )    Case No. 1:10-cv-1031 SEB-TAB
    -vs-                      )
TELEFLORA LLC,                )
        Defendant.            )
```

## AMENDED COMPLAINT FOR DAMAGES
### Class Action

Perfect Flowers, Inc. ("Perfect Flowers") by counsel, for its causes of action against Defendant Teleflora LLC ("Teleflora"), alleges the following:

### INTRODUCTION

1. This action arises under the federal Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO") 18 U.S.C. § 1964(c), Indiana's Crime Victim Compensation Statute, I.C. §§ 34-24-3-1, and Indiana common law.

### PARTIES

2. Perfect Flowers is an Indiana Corporation.

3. Teleflora is, on Plaintiff's information and belief, a Delaware Corporation with a principal place of business in California.

### FACTUAL ALLEGATIONS

4. Plaintiff, Perfect Flowers, operates a retail floral shop and does business as "Flowers by Valerie."

5.   Teleflora operates a national network of retail florists, hereinafter referred to as member Florists, where through the use of telecommunications, member florists can make and complete orders and sales of floral products to retail purchasers in different locations through the use of other member florists located in the destination of the order. Teleflora is the owner and operator of multiple websites for floral products, services and information including Findaflorist.com.

6.   Teleflora and Perfect Flowers entered into a written contract (a copy of which was attached and marked Exhibit A pages 1-3 to the original complaint), whereby Perfect Flowers agreed to become a member florists and Teleflora agreed to refer to Perfect Flowers orders by other member florists for delivery at 73% of the order or sale price.

7.   Teleflora, as part of a separate contract with member florists, offered to set up a website for the individual member florists.  Perfect Flowers declined to have Teleflora set up a website for Perfect Flowers or Flowers By Valerie.

8.   Perfect Flowers owns and operates a website known as FlowersByValerie.com.  Perfect Flowers receives 100% of all retail sales obtained through this website and which did not require the use of the Teleflora national network.

9. Teleflora owns and operates the website known as Findaflorist.com, which provides a directory of member florists to prospective retail purchases of floral products. This website also includes hypertext web links to the websites of several of the member florists. The operation of and inclusion of Perfect Flowers and Flowers By Valerie is not included in the contract between Teleflora and Perfect Flowers as described in paragraph 6 above.

10. Teleflora owned and operated a website which purported to be a website for Flowers By Valerie and could be accessed independently or by a hypertext link from Findaflorist.com. A copy of the screen for this website was attached and marked Exhibit B, pages 1-4 to the original complaint.

11. Perfect Flowers never authorized Teleflora to operate a website for Perfect Flowers or Flowers By Valerie and did not discover the existence of this website until July 21, 2008.

12. If a prospective customer, while on the Findaflorist.com website, clicked onto the hypertext link for Flowers By Valerie the customer would be directed to the unauthorized website operated by Teleflora, where Perfect Flowers would receive 73% of the sale if the sale was even referred to Perfect Flowers. The prospective customer would not be directed to the authorized website for Perfect Flowers known

3

as FlowersByValerie.com where Perfect Flowers would receive 100% of the sale.

13. Teleflora directed Internet traffic intended for Perfect Flower's "Flowersbyvalerie.com" website to the unauthorized website for Flowers By Valerie owned and operated by Teleflora.

14. On Perfect Flower's information and belief, more than one person has been directed by the hypertext link to the unauthorized website for Flowers By Valerie owned and operated by Teleflora.

15. On Perfect Flower's information and belief, more than one hypertext link was on findaflorist.com for other unauthorized websites for member florists.

16. Perfect Flowers did not authorize Teleflora to direct Internet users to an unauthorized website for Flowers By Valerie.

17. On Perfect Flower's information and belief, other retail florists did not authorize Teleflora to direct internet users away from their websites to unauthorized websites.

18. Perfect Flowers did not authorize Teleflora to collect and keep any of the funds from orders and sales obtained from the unauthorized website for Perfect Flowers and Flowers By Valerie.

4

19. Teleflora did not inform Perfect Flowers when someone ordered from the unauthorized website for Flowers By Valerie owned and operated by Teleflora.  Hence Perfect Flowers would not receive any customer information for future advertising or other business purposes.  Perfect Flowers did not authorize Teleflora to collect and keep personal information of Flowers By Valerie customers.

20. Perfect Flowers has sought an accounting from Teleflora for monies received by those using the hypertext link and the unauthorized website.

21.  Teleflora has refused to provide such an accounting.

22. Teleflora's creation and operation of an unauthorized website for Flowers By Valerie and a hypertext link to the same site, from the website known as FindAFlorist.com was a scheme or artifice to defraud using wire communications in interstate commerce, all in violation of 18 U.S.C. § 1343.

## CLASS ALLEGATIONS

23. Plaintiff Class:  The named Plaintiff brings this class action under Indiana Rule of Trial Procedure 23(B)(3) for damages on behalf of itself and all persons similarly situated.

24. The class that Plaintiff seeks to represent consists of all individuals and corporations who have been, are and/or will, in the future, be adversely affected by the unlawful practices of the Defendant described in this complaint.

5

25. The Plaintiff class (hereinafter "Class") is generally defined as:

> All floral businesses who have signed an agreement similar to the Contract for Membership with Teleflora signed by Perfect Flowers in existence on 20 July 2006 and any time thereafter for whom Teleflora has created and operated an unauthorized website.

26. The Class satisfies all Federal Rule of Civil Procedure 23(a) requirements in that:

   a. The class is so numerous that the joinder of all members is impracticable;
   b. There are questions of law or fact common to the Class;
   c. The claim of the representative party is typical of the claims of the Class in that all class members have been, are or will be subjected to or affected by the same unlawful conduct of Defendant;
   d. The representative party will fairly and adequately protect the interests of the Class.

27. The Class satisfies the requirements of Federal Rule of Civil Procedure 23(b) in that:

   a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the class. Federal Rule of Civil Procedure 23(b)(1)(A).
   b. The party opposing the class has acted, or refused to act, on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Federal Rule of Civil Procedure 23(b)(2).
   c. Questions of law and fact common to the members predominate over questions affecting only individual class members, and a class action is the superior to other available methods for fair and efficient adjudication of the controversy. Federal Rule of Civil Procedure 23(b)(3).

6

CAUSES OF ACTION

Count I

28. Perfect Flowers re-alleges rhetorical paragraphs 1-27 as if fully set forth herein.

29. Teleflora's operation of an unauthorized website and failure to compensate Perfect Flowers for sales obtained through the unauthorized website and in violation of the parties contract violated the common law of Indiana.

30. Teleflora's failure to compensate Perfect Flowers (and other class members) the full amount due entitles them to an order for Teleflora to repay this with prejudgment statutory interest pursuant to I.C. § 24-4.6-1-102. Teleflora also owes an indeterminate amount for customer contacts taken from Perfect Flowers (and other class members).

Count II

31. Perfect Flowers re-alleges rhetorical paragraphs 1-27 as if fully set forth herein.

32. Teleflora's failure to compensate Perfect Flowers (and other class members) the full amount due when it had this in its possession constituted conversion.

33. Teleflora's failure to pay Perfect Flowers (and other class members) the full amount due when it had this in its possession entitles them to the remedies of I.C. § 34-24-3-1,

being treble damages, attorney fees, all associated costs, and interest.

## Count III

34. Perfect Flowers re-alleges rhetorical paragraphs 1 – 27 as if fully set forth herein.

35. Teleflora's redirecting of Internet traffic from Perfect Flowers's website to its violated 18 U.S.C. § 1343.

36. Teleflora's redirecting of Internet traffic from Perfect Flowers's website to its more than once in the last ten years violated 18 U.S.C. § 1962.

37. Teleflora's redirecting of Internet traffic therefore entitles Perfect Flowers and the class members to the remedies of 18 U.S.C. § 1964(c), being treble damages, costs of the suit, and reasonable attorney's fees.

## Claims For Relief

Plaintiff Perfect Flowers, Inc., by counsel, prays that this Court will

A. CERTIFY the Class as requested;

B. ENTER judgment in its favor and the Class's favor against Defendant;

C. AWARD it and the Class such relief as is determined to be just and proper, including statutory damages pursuant to I.C. § 34-24-3-1 and 18 U.S.C. § 1964(c);

    D. GRANT it and the Class attorney's fees and costs pursuant to I.C. § 34-24-3-1 and 18 U.S.C. § 1964(c), and

    E. GRANT all such other relief as may be proper.

                                    /s/Christopher K. Starkey
                                    Steven G. Poore
                                    Christopher K. Starkey
                                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above has been served upon all counsel of record by the Court's ECF system on 10 September 2010.

                                    /s/Christopher K. Starkey
                                    Christopher K. Starkey

Steven G. Poore, Atty No. 6502-49
Christopher K. Starkey, Atty No. 11757-49
Suite 700
One North Pennsylvania Street
Indianapolis, Indiana 46204
Phone (317) 635-1020
Fax (317) 635-2692