UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PERFECT FLOWERS, INC. and those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:10-cv-1031-SEB-TAB |
| TELEFLORA LLC, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 27], filed on October 1, 2010, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The named Plaintiff, Perfect Flowers, Inc. ("Perfect Flowers"), brings this claim against Defendant, Teleflora LLC ("Teleflora"), alleging that Defendant intercepted and redirected Internet traffic in violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1964(c), breached the contract existing between the parties, and converted funds belonging to Plaintiff, in violation of Indiana's Crime Victim Compensation Act ("CVCA"), IND. CODE § 34-24-3-1.

For the reasons detailed in this entry, we <u>GRANT</u> Defendant's Motion to Dismiss.

**Factual Background**

Teleflora operates a network of florists across the United States, which allows

florists who are members of the network to send and receive orders from other member florists in different locations. Teleflora also operates various websites from which customers can order flowers. Am. Compl. ¶ 5. Aditionally, Teleflora operates an online directory, called "findaflorist.com," that lists its member florists in various regions. Id. ¶ 9.

Perfect Flowers operates a retail flower shop called "Flowers By Valerie" that, during the time period relevant to this litigation, belonged to the Teleflora network. Id. Teleflora and Perfect Flowers entered into a written contract, whereby Perfect Flowers agreed to become a member florist and Teleflora agreed to refer to Perfect Flowers orders by other member florists for delivery at 73% of the order or sale price. Id. ¶ 6. As part of a separate contract with member florists, Teleflora offered to set up a website for individual member florists. Perfect Flowers declined to have Teleflora create a website for Flowers By Valerie because it already operated its own website known as "FlowersByValerie.com," that did not require use of the Teleflora national network. Perfect Flowers received 100% of the proceeds when customers ordered through FlowersByValerie.com. Id. ¶¶ 7-8.

Perfect Flowers alleges that, although it never authorized Teleflora to operate a website for Flowers By Valerie, Teleflora nonetheless created a website purporting to be a website for Flowers By Valerie which could be accessed independently or through a link on findaflorist.com. Id. ¶¶ 10-11. If customers used the link on findaflorist.com to purchase flowers from Flowers by Valerie, they would be directed to the unauthorized

website created by Teleflora, where Perfect Flowers would only receive 73% of the sales proceeds, rather than being directed to the authorized website, FlowersByValerie.com, where Perfect Flowers would receive 100% of the proceeds. Id. ¶ 12.

Perfect Flowers filed its putative class action complaint in Marion Superior Court on July 20, 2010. On August 18, 2010, Teleflora removed the action to this court. On September 10, 2010, Perfect Flowers filed an Amended Complaint for Damages, alleging claims for violation of RICO, criminal conversion, and breach of contract.

## Legal Analysis

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). Id. "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."[1] Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007) (quoting Airborne Beepers & Video,

---

[1] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Hillingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)) (internal quotations omitted)).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

## II.   RICO Violation

The parties agree that, to bring a federal claim pursuant to § 1962(c),[2] a plaintiff must plead: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) that is the proximate cause of an injury to the plaintiff's business or property. Corley v. Rosewood Care Ctr., Inc. of Peoria, 388 F.3d 990, 1001-02, 1005 (7th Cir.

---

[2] Section 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

4

2004). Defendant argues that Plaintiff's RICO claim cannot survive a motion to dismiss because Plaintiff has failed to properly plead three of the five elements, to wit, the existence of an enterprise, a pattern of racketeering activity, and causation.

A.  **Enterprise**

Under Seventh Circuit law, the "first rule" of pleading a RICO case "is that a plaintiff must identify the enterprise." Jennings v. Emry, 910 F.2d 1434, 1439-40 (7th Cir. 1990) (internal quotation marks and citations omitted). Plaintiff concedes that the Amended Complaint does not include a specific allegation regarding an enterprise, but argues that one can "infer" from the Amended Complaint's mere mention of findaflorist.com, the website operated by Defendant, that the website is an enterprise as that term is used in RICO jurisprudence. However, Plaintiff fails to set forth any argument to support this conclusory assertion. In light of the fact that Plaintiff failed to include *any* allegation in its Amended Complaint that an enterprise exists separate from the Defendant itself, let alone to plead sufficient facts to clarify the precise makeup of that alleged enterprise, we find that it has failed to plead this required element of its RICO claim.

B.  **Pattern of Racketeering Activity**

Defendant also argues that Plaintiff's RICO claim must be dismissed because Plaintiff has failed to adequately allege a pattern of racketeering activity. A pattern of racketeering activity consists, at the very least, of two predicate acts of racketeering committed within a ten-year period. 18 U.S.C. § 1961(5). In order to establish a pattern,

5

a plaintiff must also show that the predicate acts are related and either amount to or pose a threat of continued criminal activity. Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 779 (7th Cir. 1994) (citations omitted). When the underlying predicate act relied upon is an offense involving fraud, such allegations are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead all allegations of fraud with particularity. Slaney v. The Int'l Amateur Athletic Fed'n, 244 F.3d 580, 597 (7th Cir. 2001) (citations omitted). This means that a plaintiff must specify the time, place, and content of the alleged fraudulent communications. Goren v. New Vision Int'l, Inc., 156 F.3d 721, 726 (7th Cir. 1998).

The predicate act Plaintiff alleges in its Amended Complaint is wire fraud.[3] See 18 U.S.C. § 1343. Defendant's Rule 9(b) attack upon Plaintiff's allegations of wire fraud is two-fold. Specifically, Defendant argues that Plaintiff has failed to plead "a pattern of racketeering activity" in that it: (1) failed to identify an underlying predicate act with specificity, as required by Rule 9; and (2) failed to plead with specificity that Defendant engaged in racketeering activity on at least two occasions in the previous ten years. We address these arguments in turn below.

To establish an act of wire fraud, Plaintiff must show that: (1) Defendant

---

[3] In its response brief, Plaintiff appears to argue instead that the predicate acts of racketeering it is relying upon are violations of 18 U.S.C. § 2511, which prohibits the interception and disclosure of wire, oral, or electronic communications. However, Plaintiff has set forth no argument that § 2511 falls within the scope of 18 U.S.C. § 1961, which lists the crimes constituting racketeering acts. Because this argument is utterly undeveloped in Plaintiff's brief, we consider it waived. See United States v. Turcotte, 405 F.3d 515, 536 (7th Cir. 2005) ("In [the Seventh Circuit], unsupported and undeveloped arguments are waived.").

participated in a scheme to defraud; (2) Defendant intended to defraud; and (3) Defendant used wires in furtherance of the fraudulent scheme. United States v. Radziszewski, 474 F.3d 480, 484-85 (7th Cir. 2007). "A scheme to defraud requires 'the making of a false statement or material misrepresentation, or the concealment of material fact.'" United States v. Sloan, 492 F.3d 884, 890 (7th Cir. 2007) (quoting United States v. Stephens, 421 F.3d 503, 507 (7th Cir. 2005)). As noted above, a RICO plaintiff is required to describe acts of fraud with specificity, stating the time, place, and content of the false representations, the method by which the representations were communicated, and the identities of the parties to the representations. Slaney, 244 F.3d at 597 (citations omitted).

In its Amended Complaint, Plaintiff summarily alleges that Defendant's creation and operation of an unauthorized website for Flowers By Valerie inviting customers to purchase flowers from Plaintiff's shop that was linked to Defendant's online directory, findaflorist.com, "was a scheme or artifice to defraud using wire communications in interstate commerce, all in violation of 18 U.S.C. § 1343." Am. Compl. ¶ 22. In support of that contention, Plaintiff alleges only that, at some unspecified point in time,[4] "Teleflora directed Internet traffic intended for Perfect Flower's 'Flowersbyvalerie.com' website to the unauthorized website for Flowers By Valerie owned and operated by Teleflora." Am. Compl. ¶ 13. Plaintiff further alleges "upon information and belief" that more than one person was so redirected and that Defendant also created unauthorized

---

[4] The only date included in the Amended Complaint is July 21, 2008, which is the date that Plaintiff alleges it discovered Defendant's unauthorized website.

7

hypertext links and websites for other, unidentified, member florists.  Id. ¶¶ 14-15.

These allegations fall far short of satisfying the heightened pleading standard set forth in Rule 9(b).  Plaintiff has failed to allege facts including who, what, when, where, and how, for its wire fraud allegations.  The allegations contained in the Amended Complaint also do not adequately specify the transactions, the content of the allegedly false representations, or the identity of those involved as is required to establish a scheme or an artifice to defraud.  Moreover, the Amended Complaint contains no allegation that Defendant acted with the intent to defraud, a necessary element of a wire fraud claim.  For these reasons, it is clear that Plaintiff has failed to identify an underlying predicate act with particularity as required by Rule 9(b).

Even if Plaintiff had properly pled an underlying predicate act, its RICO claim would not survive Defendant's motion to dismiss as Plaintiff has failed to plead with specificity that Defendant engaged in this conduct on more than one occasion over the past ten years or that there is a threat of future criminal activity, as must be alleged to satisfy the RICO pattern requirement.  In its Amended Complaint, Plaintiff summarily asserts that Defendant redirected Internet traffic "more than once in the last ten years." Am. Compl. ¶ 36.  However, such a bare legal assertion is insufficient to meet the pleading requirements.  Although Plaintiff alleges generally, upon "information and belief," that there are unauthorized links for other florists on the findaflorist.com directory, (Am. Compl. ¶ 15), Plaintiff fails to name these other florists, to identify which other links were unauthorized, or even to approximate the time period during which the

links were created.  Such meager allegations of "other" acts of fraud allegedly committed by Defendant are insufficient to satisfy Plaintiff's burden to plead a pattern of fraud.  See Goren, 156 F.3d at 729 ("[W]e have repeatedly held that a plaintiff's conclusory allegations that 'defendants' also defrauded unidentified 'others' are not enough to plead the requisite pattern of fraud.").

In addition, Plaintiff has made no attempt to allege that there is a specific threat of future criminal activity.  As noted above, to satisfy RICO's pattern requirement, a plaintiff "must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity."  H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989) (emphasis in original).  The continuity prong of the pattern requirement "is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."  Id. at 241 (citations omitted).  In order to demonstrate closed-ended continuity, a RICO plaintiff must allege "a series of related predicates extending over a substantial period of time."  Id. at 242.  Because Plaintiff's Complaint includes no allegations regarding the time period during which Defendant's conduct allegedly occurred, we cannot find that Plaintiff has satisfied the closed-ended continuity requirements.  Nor does the Amended Complaint contain allegations that there is a threat of future criminal activity.  There is no indication in the Amended Complaint that the unauthorized links are still active on findaflorist.com or that Defendant continues to operate the alleged unauthorized websites.  Accordingly, Plaintiff's claim fails to satisfy

9

either the open-ended or closed-ended continuity tests required to satisfy the RICO pattern requirement.

"In order to curb widespread attempts to turn routine commercial disputes into civil RICO actions, courts carefully scrutinize the pattern requirement to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law." Jennings v. Auto Meter Products, Inc., 495 F.3d 466, 472-73 (7th Cir. 2007) (internal quotations and citations omitted). Our review of Plaintiff's RICO claim, despite Plaintiff's allegations that Defendant engaged in unethical activity, leaves us convinced that what Plaintiff complains of is not the kind of long-term criminal activity that RICO was enacted to target. For the foregoing reasons,[5] we <u>GRANT</u> Defendant's Motion to Dismiss Plaintiff's RICO claim.

## III.    Criminal Conversion

Indiana law defines criminal conversion as a knowing or intentional exertion of unauthorized control over property of another person. IND. CODE § 35-43-4-3. A party who suffers pecuniary loss as a result of a violation of, *inter alia*, the criminal conversion statute, may bring a civil action against the individual or entity who caused the loss, recovering: (1) up to three times the actual damage; (2) the costs of the action; and (3)

---

[5] For the reasons detailed above, because Plaintiff has failed to adequately plead an enterprise and a pattern of racketeering activity, we need not address Defendant's third argument regarding causation.

10

attorney fees. IND. CODE § 34-24-3-1. While a criminal conviction for conversion is not necessary to recover under the crime victim's compensation statute, the claimant must prove all elements of the alleged criminal act. Tobin v. Ruman, 819 N.E.2d 78, 89 (Ind. Ct. App. 2004) (citing Gilliana v. Paniaguas, 708 N.E.2d 895, 899 (Ind. Ct. App. 1999), trans. denied).

In its Amended Complaint, Plaintiff alleges that "Teleflora's failure to compensate Perfect Flowers ... the full amount due when it had this in its possession constituted conversion." Am. Compl. § 32. Although it is not completely clear based on this allegation, it appears Plaintiff is alleging that Defendant withheld its referral funds from Plaintiff, which Plaintiff claims constitutes criminal conversion under IND. CODE § 35-43-4-3. However, under Indiana law, "money may be the subject of a conversion action only if it is 'a determinate sum with which the defendant was entrusted to apply to a certain purpose.'" Tobin, 819 N.E.2d at 89 (quoting Huff v. Biomet, Inc., 654 N.E.2d 830, 836 (Ind. Ct. App. 1995)). Plaintiff has failed to allege that it entrusted money to Defendant for any particular purpose or that Defendant retained specific funds directly attributable to Plaintiff. In fact, Plaintiff's allegations establish that any funds at issue have always been in the possession of and generated by Defendant, though allegedly wrongfully so. Because Plaintiff has failed to plead that it gave any money or property directly to Defendant to be used for a particular purpose, Plaintiff's criminal conversion claim cannot survive Defendant's motion to dismiss.

11

## IV. Breach of Contract

Under Indiana law, to prevail on a breach of contract claim, a plaintiff must establish: (1) the existence of a contract; (2) the defendant's breach thereof; and (3) damages. U.S. Valves, Inc. v. Dray, 190 F.3d 811, 814 (7th Cir. 1999) (citing Fowler v. Campbell, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993)). Defendant argues that Plaintiff's breach of contract claim must be dismissed because Plaintiff has failed to identify a specific provision of the contract that it alleges was breached and to plead either causation or damages. We address these arguments in turn.

"A party breaches a contract either by placing itself in a position where it is unable to perform its contractual obligations, or by failing to perform all of its contractual obligations." Strodtman v. Integrity Builders, Inc., 668 N.E.2d 279, 282 (Ind. Ct. App. 1996) (citation omitted). In its Amended Complaint, Plaintiff alleges that the parties had a contract which provided that Defendant would refer orders to Plaintiff by member florists for delivery at 73% of the order or sale price. In addition to receiving referrals from Defendant, Plaintiff also operated its own website for Flowers By Valerie through which customers could order directly from the shop. Plaintiff was not required to pay Defendant a referral fee for any sales that were made through that website. Plaintiff alleges that, in violation of their contract, Defendant created an unauthorized website for Flowers By Valerie and a link that would redirect Internet traffic from Plaintiff's website to Defendant's website. If a customer made a purchase through Defendant's website, Plaintiff would receive only 73% of the sale proceeds, as opposed to the full amount of

the sale it would receive if the customer purchased directly from the website operated by Plaintiff.  The Amended Complaint alleges that Defendant's operation of the unauthorized website and failure to compensate Plaintiff for the full amount due from Defendant's website sales constitutes a breach of the parties' contract.  Am. Compl. ¶ 30.

Defendant argues that Plaintiff has failed to properly plead the elements of breach of contract because Plaintiff has alleged only that the parties' contract required Defendant to "refer orders" and to "divide the proceeds" and the website that Defendant allegedly created did just that.  Accordingly, Defendant maintains that, because Plaintiff fails to identify which term(s) of the parties' contract were violated by Defendant's actions, the breach of contract claim must be dismissed.  We agree that Plaintiff has not cited a specific provision of the contract that was allegedly violated by Defendant's creation of the website.  However, in the Amended Complaint, Plaintiff alleges that Defendant "fail[ed] to compensate Perfect Flowers for sales obtained through the unauthorized website."  Am. Compl. ¶ 30.  Although admittedly far from clear, this allegation can be read to allege that Plaintiff did not receive *any* proceeds from sales made through the allegedly unauthorized website created by Defendant.[6]  If true, such action could be a violation of the parties' contract which required Defendant and Plaintiff to split proceeds for referrals.  It remains to be seen whether Plaintiff can, in fact, prove that Defendant withheld proceeds to which Plaintiff was entitled under the contract, but at this early stage

---

[6] In its response, Plaintiff states that it would receive "nothing" from orders generated by Defendant's website.  Pl.'s Resp. at 8.

of the litigation, viewing the facts in the light most favorable to Plaintiff, as we are required to do, we find that Plaintiff has adequately pled the element of breach.

Defendant also argues that the breach of contract claim fails because Plaintiff has failed to plead causation and damages. Under Indiana law, a plaintiff has the burden to plead and prove damages and that the breach of contract was a cause in fact of the loss. Shepard v. State Auto. Mut. Ins. Co., 463 F.3d 742, 744-45 (7th Cir. 2006) (applying Indiana law) (citation omitted). Here, Plaintiff fails to allege that any customer actually placed an order at the alleged unauthorized website or that customers would have ordered through Plaintiff's website but for Defendant's link. The only assertion by Plaintiff is that *if* a customer ordered through Defendant's website, Plaintiff would not receive the proceeds it was entitled to receive. Although a plaintiff is not at this early stage of the litigation required to plead a specific amount of damages, here Plaintiff has failed to allege that *any* actual damages were caused by Defendant's alleged actions. Because Plaintiff has failed to plead an essential element of its breach of contract claim, the count alleging same must be dismissed, but without prejudice.

## V.     Conclusion

For the reasons detailed above, we GRANT Defendant's Motion to Dismiss. Because amendment of the RICO and conversion claims would be futile, those claims are DISMISSED WITH PREJUDICE. However, Plaintiff's breach of contract claim is DISMISSED WITHOUT PREJUDICE and Plaintiff is granted thirty (30) days from the date of this entry to file a second amended complaint that addresses the pleading

14

deficiencies described herein, if it so chooses to proceed further with this litigation.

     IT IS SO ORDERED.


Date: ___06/16/2011___

                                     _____
                                     SARAH EVANS BARKER, JUDGE
                                     United States District Court
                                     Southern District of Indiana

Copies to:

Michael D. Moon Jr.
BARNES & THORNBURG LLP
mmoon@btlaw.com

J. P. Pecht
ROLL LAW GROUP P.C.
jpecht@roll.com

Steven G. Poore
ATTORNEY AT LAW
spoore7@comcast.net

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Daniel S. Silverman
ROLL LAW GROUP P.C.
dsilverman@roll.com

Christine K Son
ROLL LAW GROUP P.C.
cson@roll.com

Christopher Kenneth Starkey
starkeyck@msn.com