UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PERFECT FLOWERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:10-cv-01031-SEB-TAB |
| TELEFLORA LLC, | ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

On June 16, 2011, this Court granted Defendant's motion to dismiss, but gave Plaintiff 30 days to file an amended complaint "that addresses the pleading deficiencies described herein, if he chooses to proceed further with this litigation." [Docket No. 44 at 14–15.] Plaintiff responded with a motion for leave to file an amended complaint [Docket No. 47], which reflects Plaintiff's desire to proceed further with this litigation but apparently in a manner quite different than the Court anticipated in noting that Plaintiff could file an amended complaint.

Specifically, Plaintiff's proposed amended complaint does not simply address the deficiencies that prompted the Court to grant Defendant's motion to dismiss. Instead, the Plaintiff's proposed amended complaint seeks to add an entirely new theory to this case: fraud. Nothing in this Court's order granting Defendant's motion to dismiss invites Plaintiff to add new legal theories to this case. Doing so is quite different than merely addressing the "pleading deficiencies" the Court noted. [Docket No. 44 at 14–15.] The time to amend set forth in the Case Management Plan was June 29, 2011, so Plaintiff's attempt to amend in a manner that goes beyond the scope of this Court's CMP deadlines and motion to dismiss order is improper.

Moreover, contrary to Fed. R. Civ. P. 9(b), Plaintiff's fraud claim is not pleaded with the requisite particularity. As a result, Defendant has objected, and rightly so. [Docket No. 50.]

This is not to say that the Plaintiff's attempted amendment fails in all respects. The proposed amended complaint addressed some of the shortcomings noted by the Court by alleging damages caused by Defendant's alleged conduct. [Docket No. 47-1 at 4.] Specifically, Plaintiff now alleges that "[s]ome of these customers, on information and belief, would have ordered from the actual Flowers By Valerie website had they not had this unauthorized hypertext link to the unauthorized website." Although Plaintiff's amendment simply rewords some of the text from the Court's order to dismiss [Docket No. 44 at 14], this tactic is sufficient, if marginally so. The amended complaint will therefore be permitted to the extent Plaintiff is bolstering its breach of contract claim consistent with this Court's prior motion to dismiss ruling.

Accordingly, Plaintiff's motion to amend [Docket No. 47] is granted to the extent it seeks to cure deficiencies in Plaintiff's damages allegations under a breach of contract theory, consistent with this Court's prior order. [Docket No. 44.] However, Plaintiff's motion is denied to the extent Plaintiff attempts to add a fraud claim. Plaintiff shall file an amended complaint, consistent with this order, within the next 14 days.[1]

Dated: 08/29/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] This means that the Plaintiff need not file another motion to amend. Leave already has been granted. Despite a similar directive in the Court's prior order on Defendant's motion to dismiss, Plaintiff responded by filing a motion rather than merely amending the complaint. This also means, however, that the amended complaint should not make another attempt to add a fraud claim.

Copies to:

Kristina M Diaz
ROLL LAW GROUP PC.
kdiaz@roll.com

Michael D. Moon Jr.
BARNES & THORNBURG LLP
mmoon@btlaw.com

J. P. Pecht
ROLL LAW GROUP P.C.
jpecht@roll.com

Steven G. Poore
ATTORNEY AT LAW
spoore7@comcast.net

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Christopher Kenneth Starkey
starkeyck@msn.com