UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PERFECT FLOWERS, INC., and those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:10-cv-1031-SEB-TAB |
| TELEFLORA LLC, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 54], filed on September 29, 2011. The Court previously dismissed with prejudice all of the claims brought by Plaintiff, Perfect Flowers, Inc. ("Perfect Flowers"), against Defendant, Teleflora, Inc. ("Teleflora"), with the sole exception of its breach of contract claim, which was dismissed without prejudice with permission to amend. On September 12, 2011, Plaintiff filed its Third Amended Complaint attempting to remedy the pleading deficiencies previously addressed by the Court. For the reasons detailed in this entry, we GRANT WITH PREJUDICE Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint.

**Factual Background**

Teleflora operates a network of florists across the United States, which allows

florists who are members of the network to send and receive orders from other member florists in different locations. Third Am. Compl. ¶ 5. Teleflora also operates various websites from which customers can order flowers, including "findaflorist.com," which is an online directory that lists member florists in various regions. Id. ¶ 9.

Perfect Flowers operates a retail floral shop called "Flowers by Valerie." Perfect Flowers entered into a written contract with Teleflora whereby Perfect Flowers agreed to become a member florist and Teleflora agreed to refer to Perfect Flowers orders by other member florists for delivery at 73% of the order or sale price, minus a $2.00 handling charge. Id. ¶ 6. Plaintiff alleges that, as part of a separate contract with member florists, Teleflora offered to set up a website for individual member florists. Perfect Flowers declined to contract with Teleflora to have Teleflora create a website for Flowers By Valerie because Perfect Flowers already operated its own website known as "FlowersByValerie.com" that did not require use of the Teleflora national network. Perfect Flowers received 100% of the proceeds when customers ordered through FlowersByValerie.com. Id. ¶¶ 7-8.

Perfect Flowers alleges that, although it never authorized Teleflora to operate a website for Flowers By Valerie, Teleflora nonetheless created a website purporting to be a website for Flowers By Valerie that could be accessed independently or through a link on findaflorist.com. Id. ¶¶ 10-11. If customers used the link on findaflorist.com to purchase flowers from Flowers by Valerie, they would be directed to the unauthorized website created by Teleflora, where Perfect Flowers would only receive 73% of the sales

proceeds, minus a $2.00 handling fee.  They would not be directed to the authorized website, FlowersByValerie.com, where Perfect Flowers would receive 100% of the proceeds.  Id. ¶ 12.

Perfect Flowers alleges that it lost money because Teleflora directed Internet traffic intended for the authorized website for Flowers by Valerie to the unauthorized website for the florist that Teleflora operated.  Id. ¶ 14.  Perfect Flowers further alleges that Teleflora did not inform it when a customer ordered from the unauthorized website so it did not receive any customer information for future advertising or other business purposes.  Id. ¶ 27.

## Legal Analysis

I.  **Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  556 U.S. at 678 (citing 550 U.S. at 555).  "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule


8."[1] Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007) (quoting Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007)) (internal quotations omitted)).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

**II.	Discussion**

    **A.	Breach of Contract Claim**

Under Indiana law, to prevail on a breach of contract claim, a plaintiff must establish: (1) the existence of a contract; (2) the defendant's breach thereof; and (3) damages. U.S. Valves, Inc. v. Dray, 190 F.3d 811, 814 (7th Cir. 1999) (citing Fowler v.

---

[1] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Hillingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

Campbell, 612 N.E.2d 596, 600 (Ind. Ct. App. 1993)). "A party breaches a contract either by placing itself in a position where it is unable to perform its contractual obligations, or by failing to perform all of its contractual obligations." Strodtman v. Integrity Builders, Inc., 668 N.E.2d 279, 282 (Ind. Ct. App. 1996) (citation omitted).

Defendant contends that Plaintiff has failed to state a claim for breach of contract because Plaintiff has failed to point to any contractual term in the parties' contract that Teleflora's allegedly unauthorized activity violated. In our June 17, 2011 Order Granting Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, we noted that Plaintiff's allegations, although ambiguous, could be read to implicate certain provisions of the parties' contract addressing referral proceeds. However, Plaintiff's Third Amended Complaint and its briefing on this motion make it clear that the only breach alleged stems from Teleflora's operation of the findaflorist.com website and its inclusion of a hyperlink linking to a website for Flowers by Valerie that Teleflora allegedly created without authorization.

It is undisputed that there is no provision in the parties' contract prohibiting such actions or in any way addressing the use of an online directory. Instead, Plaintiff alleges that the operation of that website was the subject of an entirely different contract which Plaintiff declined to enter into with Defendant. Because the only alleged wrongful activity, to wit, the inclusion of Plaintiff's business on findaflorist.com, is admittedly not controlled by the contract at issue in Plaintiff's Third Amended Complaint, Plaintiff has failed to adequately allege a claim for breach of that contract.

Plaintiff contends that, although no specific provision of the contract was breached, Defendant breached its obligation of good faith and fair dealing by exceeding the scope of the contract. However, contrary to Plaintiff's assertions otherwise, "Indiana law does not impose a generalized duty of good faith and fair dealing on every contract." Hispanic College Fund, Inc. v. National Collegiate Athletic Ass'n, 826 N.E.2d 652, 658 (Ind. Ct. App. 2005) (citing First Fed. Savings Bank v. Key Mkts., Inc., 559 N.E.2d 600, 603-04 (Ind. 1990)). An obligation of good faith is imposed only in limited circumstances, such as when a fiduciary duty exists or on those transactions subject to the Uniform Commercial Code as codified at Indiana Code § 26-1-1-203. See Ford Motor Credit Co. v. Garner, 688 F. Supp. 435, 442-43 (N.D. Ind. 1988); 559 N.E.2d at 604-05. There is no fiduciary relationship here and the contract at issue is a contract for ongoing services, and thus is not governed by Indiana's Uniform Commercial Code. Accordingly, Plaintiff's claim that Defendant breached its duty of good faith and fair dealing in its performance under the contract must fail as no such duty existed under Indiana law.[2]

**B.      Request to Amend Complaint**

Plaintiff requested that, in the event the Court were to find that it had not adequately pled its breach of contract claim, it be permitted to amend the complaint to instead assert "a tort" or "some fraud" claim. However, the Magistrate Judge recently

---

[2] We note also that Indiana law does not support an independent cause of action for a breach of a duty of good faith and fair dealing. See Ray Skillman Oldsmobile & GMC Truck, Inc. v. Gen. Motors Corp., 2006 WL 694561, at *6 (S.D. Ind. Mar. 14, 2006).

denied Plaintiff's prior request to amend its complaint to assert an action for fraud, reasoning that the claim was both untimely and pled without the requisite particularity. Docket No. 52 (holding that "Plaintiff's motion is denied to the extent Plaintiff attempts to add a fraud claim" and that "the amended complaint should not make another attempt to add a fraud claim"). Plaintiff has presented no new facts or law that would justify a different result at this juncture.

## III. Conclusion

For the reasons detailed above, Plaintiff has failed to adequately plead a claim upon which relief may be granted and any amendment of the pleadings would be futile. Accordingly, Defendant's Motion to Dismiss is <u>GRANTED WITH PREJUDICE</u>. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: _____07/20/2012_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kristina M Diaz
ROLL LAW GROUP PC.
kdiaz@roll.com

Michael D. Moon Jr.
BARNES & THORNBURG LLP
mmoon@btlaw.com

J. P. Pecht
ROLL LAW GROUP P.C.
jpecht@roll.com

Steven G. Poore
ATTORNEY AT LAW
spoore7@comcast.net

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com

Christopher Kenneth Starkey
starkeyck@msn.com